08 C 50112   6J3

IN THE UNITED STATES APPELLATE COURT
FOR THE SEVEN CIRCUIT OF ILLINOIS

ON AIMS
AUG - 1 2006

UNITED STATES OF AMERICA
        PLAINTIFF-APPELLEE

IN ACCORDING TO MOTION
TO ADD ON SIXTH AMENDMENT
INEFFECTIVE COUNSEL

V.

PERCY E. MOORE,
        DEFENDANT-APPELLANT    CASE NO. 06-2010

FILED
JUL 3 1 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

U.S.C.A.—7th Circuit
FILED
JUL 3 1 2006 P.G.
GINO J. AGNELLO
CLERK
#2011146

SIXTH AMENDMENT VIOLATIONS

District court counsel Michael Phillips did not respond to Moore's request for trial transcripts and moore has been unable to obtain from district court therefore moore will present what he has !

1.    Federal counsel Michael Phillips tactical decisions itself constituted attorney incompetence counsel failed to exercise the customary skills and diligence that a reasonable competent attorney would exercise under similiar circumstances, Moore was prejudiced in the defense of his case by the inactions of counsel, United States V Easter 539 f2d 663(8th cir.1976)

2.    The government did not disclose all exculpatory information counsel could have secured documents under fed.crim.P. Rule 17(C) counsel would have found the government's investigation covered longer periods than agents revealed under oath and government engaged in warrantless eavesdropping, brainwashing and drugging defendant to drive him crazy and he could have obtained moore's social security files.

3.    Agent Hopkin on Nov 1,2002 explained (government) had done a sting on Moore and was seeking his cooperation in their investigation of drugdealing in the Rockford area. Moore inquired was this a dream, he said that because of government's illegal use of brainwashing and drugging behavior tactics that maded him defunctional. Moore stated and showed federal counsel Michael Phillips that Federal Prosecutor's office sented him two different

1.

statement of facts with different versions of the crimes which facts and sold prices of drugs were unrealistic, counsel commented, it didn't matter!

Counsel failed to discuss these facts or facts surrounding the case or advise Moore of his constitutional rights. Moore explained to counsel government entrapped him to sell drugs, he said Moore was crazy however Moore gave him the account: when Stan got released from state prison he visited Moore's house. Moore said the government was brainwashing and drugging him so he was selling everything he had and going to Mexico. Soonafter Stan began working for the Flemons in the cleaners. Thereafter told Moore the Flemons had the best dope in Rockford and Moore should buy drugs from him but Moore refused to get involve each time he came in new clothes and new cars. The city of Rockford or government conspired to cause Moore financial loss so he would need money from some other source to leave the country. Months later Stan arrested by the feds prior to Rosa Flemons approaching Moore. Stan called from Ogle county jail daily to Moore's house saying don't deal with his sister or Rosa Flemons and he needed Moore to buy his furniture and cars or help sell them. Moore commented on several occasions to Stan, Rosa Flemons was helping him, while Tasha Foat listened to the conversations in fact Tasha Foat wrote letters to him in Ogle County Jail.

Counsel failed to prepare for trial, failed to develop any kind of defense. Failed to conduct investigation into defendant mental illness caused by the government. Failed to get competency hearing during trial. Failed to move the court for a continuance so that he could get social security history, by organing a defendant's mental history, examination results and behaviors and other information, interpreting it in light of their expertise and laying out their investigative and analytic process to the jury the psychiatrists for each party enable the jury to make its most accurate determination of the truth and the issues before them.

Moore was entitled to the assistance of a psychiatrist on his issues and that denial of that assistance deprived him of due process. Counsel failed to recognize Moore was mentally incompetent to stand trial or his disposition during trial or at sentencing. Moore refused to participate in jury selection or proceedings counsel nor judge paid any attention as Moore scribbed on a paper unconcerned. not believing the trial was real. During preliminary hearings Moore tried to represent himself in demonstrating he did not want Michael Phillips as counsel to judge from that moment on, Moore did not participate in the trial. Counsel failed to locate and question any witnesses to substantially, corroborated Moore's testimony, he merely relied on the government's investigation file.

Counsel stated Moore were the only witness to the case, this statement false: Donald Hall, Moore's nephew lived upstairs at 119 s.Central ave. They were together the first day Rosa Flemons parked on Elm St. walked to the car and introduced herself prior to Sept 13,2002, and Donald Hall was there under the hood of Moore's car when Rosa Flemons asked him to help find her drugs in return she would help Moore get around in Mexico as she said she knew people having lived in Mexico City but first she needed Moore to help find her cocaine, Donald Hall was willing to help also he would testify to the conversation.

### Sept 13,2002

F.B.I's investigation longer than stated in indictment, evidence and conversations were pieced together to form present case. Acts mentioned on Sept 13,2002 did not occur Tasha foat would testify she never pointed to Moore outside his mother's rental property so Rosa Flemons could give him the $250.00 for the quarter of cocaine and she would testify she never gave Rosa Flemons a quarter of cocaine on Sept 13, 2002 and both Donald Hall and Tasha Foat will testify Moore did not say that a kilo would cost $21,000 on Sept 13,2002

OCT 9, 2002
---

Moore and Donald Hall met Rosa Flemons earlier at 210 Howard ave. Moore and Rosa FLemons went to Beef-r-Roo and talked afterwards Moore dropped her off. Later Rosa Flemons came to Central ave. Thrift Store. Moore's caretaker Edna Daniel was in the front of the store with a good view to the back room. Moore never directed Rosa Flemons to a cup located on the floor in the store and gave hand signals about prices.
Donald Hall will testify he and Moore stood by the outside gate when Rosa Flemons came out Central Thrift Stores back door. Moore was prejudice by counsel's lack of investigation skills and his believing government's facts of the case.
Counsel failed to watch the video tapes of the crime, listen to recorded conversations, examine scene of the crime or talk with any witnesses. Moore would not have been convicted on selling drugs to Rosa Flemons on Oct 9, 2002.

Oct 17, 2002
---

No video of 210 Howard ave.
Counsel failed to visit crime scene, or listen to recorded conversations of the drug transaction, counsel would have recognized it is not Moore's voice but Donald Hall, counting the money Rosa Flemons gave him. Moore and Donald Hall met Rosa Flemons at 210 Howard ave. Donald Hall will testify Moore did not make the statement on oct 17, 2002 (he had only two rocks of cocaine : F.B.I. pieced together a conversation from a prior occasion and added it to make a stronger case. The agents knew Moore never acted alone, they (F.B.I and Rockford Police had Moore under surveillance longer than in the indictment. Rosa Flemons did not see Moore bent over the fence and pick up drugs behind the house, first, there's no fence to bent over, and the back window facing backyard has iron bars running up and down with shades drawned shut, and it was sunny and the lights were on in the house.

Counsel was not listening at bond hearing:one of the reasons Moore was given bond was Moore's sister Corolyn Guren stated federal agents could not have saw Moore behind the house: the backyards view blocked from the streets. Counsel failed to challege the prosecutions account on Oct 17,2002,this prejudice Moore to an unjust sentenced of 14 years,if counsel had investigated the circumstances surrounding the case Moore would not have been charged with selling drugs to Rosa Flemons on Oct 17 2002.

Counsel failed to request jury instruction, no opening statement to jury,excluded blacks from jury,failed to make any meaningful step to impeach Rosa Flemons,failed to make an offer of proof at any time during the trial,maded improper comments,asked improper questions,failed to conduct proper voir dire.

Counsel failed to properly object to the foundation of Jennifer Yezek testimony at trial,the district court accepted her as a qualified expert in the field of chemistry and the analysis of narcotics.

Counsel failed to object to Steven Johnson who testified as an expert who deciphered the coded narcotics vocabulary used by Moore during his conversations with Flemons was declared an expert before the jury the jury attached excessive weight to his testimony this prejudiced defendant Moore without an expert to rebuttal his testimony.

Counsel failed to get any corroborating expert opinion to sudstantiate Moore's finance's testimony or to dispute Dr. Wooten's diagnosis.

Counsel failed to discuss issues of appeal with defendant or raise meritorious issues on appeal.
Appellant counsel filing of frivolous appellate brief amounts to no counsel at all,which actually or constructively denied defendant of the right to appellate counsel and the prejudice prong of Strichland.

SEVEN CIRCUIT COURT ANALYSIS OF CASE
OCT 13, 2005

August 22, 2003, a final pretrial conference was held before United States district court judge Phillip G Reinhard in the Northern District of Illinois, Western Division during the hearing, Moore's counsel represented that although he had previously filed a motion to have Moore examined for competency he presently felt that Moore was competent to stand trial, he also represented to the court that Moore was not alleging in anyway, shape, or form that he was not legally insane at the time of the offense .

However, counsel did advise the court that according to the social security adminstration (SSA) Moore had been found to be totally mentally disabled for the past nine years and had been receiving social security disability in the amount of $1,200 per month.

Counsel raised four issues on appeal, first he claims that the district court prevented him from presenting evidence that he did not understand the narcotics terminalogy used in his conversations with Rosa Flemons, specifically, he argues that the court precluded him from introducing ss records which he claims would have revealed his limited ability to understand coded narcotics terminology. Next, he argues that the government failed to lay the proper foundation for the expert testimony of Jennifer Yezek, the Dea forensis chemist, as required by rule 702 of the federal rules of evidence. He also contends that the court erred when it denied his post-trial motion and ruled that the government had proved him guilty beyond a reasonable doubt despite inconsistent and contradictory testimony from Flemons. Finally, Moore argues that the district court erred when it ruled that he was competent to be sentenced.

Counsel never sought to introduce the SSA records, and the district court never precluded Moore from presenting those records to the jury, Counsel never requested the court's assistance in securing those records.

6.

Counsel fails to explain how the SSA records would have established that he was mentally incapable of understanding the coded drug language. Counsel would have then needed to call an expert to interpret the records and explain the effect his mental disability had on his ability to understand language counsel never obtain an expert.

Counsel failed to make an offer of proof at any time during trial. Counsel did not move Moore to testify which would have been the logical way to present evidence concerning his history of mental illness. Counsel did not even see fit to question the government's law enforcement expert about how an individual with mental disabilities would have been confused by the drug terminalogy used during the drug sales. The court's decision to bar the SSA records did not preclude Moore's theory of the defense because he had sufficient means to present that theory to the jury but chose not to do so see King 75 f3d at 1222.

## CHAIN ON CUSTODY

Counsel claims that the district court erred in admitting the testimony of the government's forensis chemist, Jennifer Yezek. Counsel challenge Yezek's testimony, arguing that the government failed to lay the proper foundation for her expert testimony as required by rule 702 of the federal rules of evidence Moore's counsel also failed to object to the foundation of her testimony at trial. After the government questioned Yezek about her credentials and then tendered her as an expert, defense counsel stated that he had no objection as to the foundation of her testimony, and the district court accepted her as a qualified expert in the field of chemistry and the analysis of narcotics. Moore's counsel failed to point to any evidence that even suggests tampering or casts doubt on the authenticity of the exhibits.

7.

## INSUFFICIENCY OF THE EVIDENCE

Counsel argues that the evidence presented at trial was insufficient to support Moore's conviction for possession with intent to distribute cocaine and cocaine base.

Counsel argues that the government's case depended entirely on Flemon's testimony, which he characterizes as inconsistent, contradictory, and thus unreliable counsel points to trial testimony by Flemons in which she stated that a conversation between them was not recorded, then later changed her testimony and stated that the same conversation was recorded. Counsel also argues that the cocaine could have come from Flemons and not him, as support for this argument, counsel highlights the fact that neither of the Flemonses were given a body cavity search or internal examination before their meetings with Moore. <u>Counsel's argument that Flemons testimony is unreliable amounts to an attack on her credibility, credibility is for the jury, not this court to determine.</u>
see United States v. Mejia, 909 f.2d 242, 245 (7th cir. 1990)

## COMPETENCY TO BE SENTENCED

Counsel final argument is that the trial court erred in finding him competent to be sentenced. Approximately six weeks after the jury trial and prior to his sentencing, Moore had become disoriented and was no longer able to adequately assist counsel in presenting his defense. Moore's counsel requested an examination to determine whether Moore was competent to be sentenced. The trial court granted Moore's motion for a psychiatic examination and Moore was sent to the United States Bureau of prisons in Butner, Northern Carolina, for evaluation. After Moore's evaluation at Butner, the court held a competency hearing and determined that Moore was competent to proceed with and assist counsel in preparing for the sentencing phase of the trial proceeding.

Moore's first argues that because his counsel raised and support his incompetency claim, his claim has more merit Moore cites several Seventh Circuit cases that state that an attorney's failure to raise the issues of competency is evidence of a defendant's mental fitness Moore then argues that these cases also stand for the proposition that an attorney's request for a competency hearing makes his client's claims more meritorious however a defense motion for a competency hearing is not sufficient to create reasonable cause for the judge to believe the defendant is incompetent. Collins 949 f.2d at 925. Rather, a defendant's motion for a competency hearing "simply informs) The court that the defendant, himself, put his competency in issue". Id. in other words, merely filing a motion to determine competency does not mean that the motion is meritorious. Similarly, a trial judge's decision to order a competency hearing has no bearing on whether reasonable cause exists to believe that a defendant was incompetent; rather the order simply demonstrates the judge decision to comply with the dictates of the statute providing for competency hearing.

In finding Moore competent to be sentenced, judge Reinhard relied on Dr. Wooten's pyschiatric examination and diagnosis as well as his own observations of Moore's behavior or the videotapes, during the trial, and proir to the compency hearing Although Dr. Wooten diagnosed Moore as suffering from depression, he stated that Moore's medication appeared to control his depression. Counsel failed to identify any questionable conduct during the trial or sentencing hearing that would lead the court to doubt his competency instead, Moore rest his claim on his attorney's assertions and the lay testimony of his fiancee that he because withdrawn and disengaged after trial, this behavior, as pointed out by the trial judge, is consistent with depression, which is not unusual for a person facing a stiff sentence after conviction, and being out on bond.

Furthermore, his fiancee did not testify that he was unable to understand the charges against him or the penalties he faced. <u>Neither the lawyer's request for a hearing nor his fiancee's testimony, without any corroborating expert opinion, generates a real, substantial, and legitimate doubt as to Moore's competence.</u>

Counsel failed to get any corroborating expert nor did he acquire Ogle county jail medical files of moore's daily doses, or look into Butners medical files which would have shown Moore was on RISPERDAL suffering from hallucinations, during sentencing judge Rienhard asked Moore did he read the psi report Moore stated he did not remember the psi or seeing one however the judge continued with sentencing. According to Beasley V. United States 491 f.2d 687 (6th cir 1974) counsel has a duty to investigate all apparently substantial defenses, Strichland 466 at 688. Counsel was unable to subject the presecution case to the crucible of meaningful adversarial testing the essence of the right to effective assistance of counsel Martin V. Rose 744 f.2d 1245 (6th cir.1984) The errors rendered the adversarial process and resulting conviction unreliably see Strichland 466 U.S at 700 Counsel's errors deprived the defendant of a fair trial Moore will not plunge into legalities of cases with the honorable Appellate Court, the government violated Moore's first, fourth, fifth, sixth, and eighth amendment rights, did not disclose every informant to determine guilt; covered up wrongdoing warrantless, eavesdropping, brainwashing and drugging that maded Moore deranged and continues infliction, mental torture, unhumane treatment denying constitutional rights guaranteed all men regardless of their views the government wrong applying brainwashing technology-behavior tactics against Moore to deny redress!

DATED JULY 26, 2006

*Percy E. Moore*
PERCY E. MOORE PRO-SE

Moore always sends proof of service with documents to Rockford Federal prosecutor's office and Appellate Court.

10.

<u>NO. 06-2010 appeal</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

<u>Percy E. Moore</u>         -Petitioner

vs.

<u>United States of America - Respondent(s)</u>

PROOF OF SERVICE

I, Percy E. Moore, do swear or declare that on this date, a July 26, 2006, as required by Supreme Court Rule 29 I have served the enclosed <u>The add on Sixth Amendment ineffective counsel</u> on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:
   Patrick L. Fitzgerald, United States Attorney
   308 West State Rockford, IL 61102

I declare under penalty that the foregoing is true.
Executed July 26, 2006,   Percy E Moore