**CERTIFIED COPY**

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

F I L E D

Submitted June 18, 2008[*]
Decided June 19, 2008

JUN 2 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Before

08 C 50112

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 06-2010

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> PERCY E. MOORE, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 03 CR 50018 <br><br> Philip G. Reinhard, <br> *Judge.* |

ORDER

Percy Moore was found guilty by a jury on three counts of distributing powder and crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to a total of 175 months' imprisonment. After we affirmed those convictions on direct appeal, *see United States v. Moore*, 425 F.3d 1061 (7th Cir. 2005), Moore filed in the district court what he characterized as a motion for new trial, *see* FED. R. CRIM. P. 33(a), but which the district court recognized to

---

[*] This appeal is successive to case no. 04-2183 and is being decided under Operating Procedure 6(b) by the same panel. After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a).

be a collateral attack on the convictions under 28 U.S.C. § 2255. The court proceeded to deny the motion on the merits, but not until after Moore had made known that he did not want his submission to be recast as a motion under § 2255. We authorized Moore to appeal the court's decision, see 28 U.S.C. § 2253(c)(1)(B), and appointed an attorney to evaluate whether the district court erred in reaching the merits of Moore's motion. That question has now been fully briefed, and we conclude that the district court should have dismissed Moore's motion without prejudice.

The facts of this case and the challenges Moore raised on direct appeal are described fully in our earlier opinion. See *Moore*, 425 F.3d 1061. Our decision was issued on October 13, 2005, and the Supreme Court gave Moore until March 13, 2006, to petition for a writ of certiorari, which he did not do. Thus Moore had until March 2007 to file a motion under § 2255, see 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 525 (2003) (overruling *Gendron v. United States*, 154 F.3d 672 (7th Cir. 1998), and holding that, if petition for certiorari is not filed, one-year limitations period begins to run when time to file expires). Moore did not file anything denominated as a motion under § 2255, but on March 2, 2006, he did file in the district court a *pro se* document captioned as an "Affidavit in Support of Motion for New Trial and Release on Bail—Newly Discovered Evidence." In this long, rambling document, Moore's basic contention is that the government deliberately presented false evidence to convict him, but he did not learn of its falsity until after his trial. Moore requested that the government be ordered to produce records from the criminal investigation which, he believes, will establish that he was brainwashed, drugged, and subjected to warrantless eavesdropping. Moore claimed that he was innocent of drug-dealing because these tools were used by the FBI and city officials in Rockford, Illinois, to compel him to unwittingly commit the acts of delivery underlying his convictions. Moore cited to Federal Rule of Criminal Procedure 33 on pages 6 and 11 of his motion.

On March 14, 2006, the district court issued a minute order stating that Moore's motion did not "identify its statutory basis" but could be "fairly characterized . . . as the functional equivalent of a motion brought under" § 2255. The court went on to advise Moore of its intention to "characterize" his motion as one under § 2255 instead of Rule 33, and concluded the minute order with this admonishment:

> [T]he characterization will subject any subsequent sec. 2255 motion to the restrictions applicable to second or successive sec. 2255 motions (see 28 U.S.C. sec. 2255 par. 8), and provides Moore the opportunity to either withdraw or amend the motion. Should Moore decide to withdraw or amend the motion, he has 30 days from the date of this order to do so by filing a notice of withdrawal or an amended motion.

No. 06-2010

Six days later, on March 20, Moore drafted a four-sentence reply to the minute order in which he informed the court he did "not want this honorable court to characterize [his March 2 motion] as a motion under sec. 2255." Instead, he said, he wanted the court to "amend" his motion to identify Rule 33 as its "statutory basis."

The district court received Moore's reply on March 23. But six days later, with still more than two weeks to go before the 30-day "amend or withdraw" period had expired, the district court proceeded to address Moore's motion "through the lens of § 2255" and denied it on the merits. The court explicitly acknowledged that Moore did "not want this court to characterize" his motion as one "under § 2255" but, said the court, that is what it was and how it must be treated. According to the court, Moore's motion was only nominally premised on Rule 33 because it did not describe any form of newly discovered evidence that would support a claim of actual innocence.

Moore filed a timely notice of appeal on April 6, 2006, and, on the same day, a motion to reconsider the court's denial of his motion. Moore insisted that, while "unschooled in lawyering," he was trying to present a Rule 33 motion and, by explaining his contentions, had not intended to "raise a classic grounds of collateral attack that fall[s] within 2255." The district court denied this motion and also declined to issue a certificate of appealability. We issued the certificate and allowed Moore's appeal to proceed. Prior to briefing, in July 2006, Moore filed in this court papers captioned as "Sixth Amendment Violations"; this document seeks to raise challenges to Moore's convictions and sentence, and we have held it pending the completion of briefing.

With the help of counsel, Moore continues to argue that his March 2 motion really did rest on Rule 33, but that position is untenable and is not the focus of Moore's brief. Even by counsel's description, Moore's motion plainly presented claims that fall squarely within the realm of § 2255. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *United States v. Carraway*, 478 F.3d 845, 848-849 (7th Cir. 2007); *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000). Thus, relying on *Castro v. United States*, 540 U.S. 375 (2003), Moore principally contends that the district court's March 14 minute order was incomplete and failed to fully apprise him of the advantages of withdrawing his March 2 motion. According to Moore, the court should have told him that, if he withdrew his motion, that withdrawal would be *without prejudice* to refiling. And, Moore continues, the court also should have told him that he had an entire year from the date his convictions became final to file one § 2255 motion raising all cognizable claims. As a remedy, Moore wants us to declare that the one-year limitations period has

No. 06-2010                                                                                                    Page 4

been equitably tolled so that he can return to the district court and file another § 2255 motion without running into the bar against successive collateral actions. *See* 28 U.S.C. 2255(h). The government, for its part, argues that the warning given by the district court was all that *Castro* required.

After reviewing the parties' briefs in light of the full record, we find it unnecessary to decide whether the district court's minute order was sufficient under *Castro*. That decision literally says that a district court must give notice of its intention to recharacterize the pleading, "*warn* the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and *provide* the litigant *an opportunity* to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383 (emphasis added); *see Williams v. United States*, 366 F.3d 438, 439 (7th Cir. 2004). Moore insists that the district court should have given him a fuller description of his right to amend if he elected to *proceed* under § 2255.

As we see this case, however, the problem was not Moore's inability to understand the district court's admonishment, but the court's misreading of Moore's inartful reply. Moore did not *want* his motion recharacterized, and he made that position known to the district court. When he received the court's minute order, Moore promptly wrote back: "Moore does not want this honorable court to characterize affidavit as a motion under sec. 2255." This response, we conclude, was in effect a request to withdraw the March 2 motion if the district court was intent on construing it as a motion under § 2255. That interpretation is bolstered by Moore's motion to reconsider, also filed within the 30-day period set by the district court, insisting that he had not intended to raise a collateral attack under § 2255.

The district court should have permitted Moore to withdraw his March 2 motion, and, accordingly, we vacate the court's denial of that motion and remand with instructions to dismiss it without prejudice. That leaves only Moore's contention, opposed by the government, that we should deem the one-year limitations period to have been equitably tolled so that Moore may now file a § 2255 motion in the district court. Again, we find it unnecessary to reach this question. As we have noted, Moore had until March 2007 to file a timely § 2255 motion, and while he did not file any such motion in the district court within that deadline, he did tender his "Sixth Amendment Violations" to this court in July 2006. That document, although focused on theories of ineffective assistance, also encompasses the content of Moore's previous filing by claiming that "the government violated Moore's first, fourth, fifth, sixth, and eighth amendment rights, did not disclose every informant to determine guilt, covered up wrongdoing warrantless eavesdropping, brainwashing, and drugging that made Moore deranged." These are, as the district court has said all along, collateral challenges within the scope of § 2255(a). We construe Moore's submission as a

motion under § 2255, and although Moore misfiled it here before he was represented by counsel, we direct the clerk of this court to forward the document to the district court, where it should be filed as a § 2255 motion, *nunc pro tunc*, as of July 31, 2006.

VACATED AND REMANDED.