UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PERCY E. MOORE, ) | |
| ) | |
| Petitioner, ) | Case No. 08 C 50112 |
| ) | (03 CR 50018) |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following response to petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255:

**I. PROCEDURAL HISTORY**

On March 11, 2003, a federal grand jury returned a three-count indictment in the Northern District of Illinois, Western Division, charging Percy E. Moore ("petitioner") with three counts of distribution of a controlled substance. R. 7.[1] Count One charged defendant with distribution of approximately 6.6 grams of mixtures containing cocaine, Count Two charged defendant with distribution of approximately 26.9 grams of mixtures containing cocaine base, and Count Three charged defendant with distribution of approximately 53.8 grams of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). R. 7. On August 28, 2003, after a three-day jury trial, a jury found petitioner guilty of all three counts of the indictment against him. R. 46-48. On October 10, 2003, petitioner's motion for an examination to determine his competency to be sentenced was granted, and said

---

[1] All references to documents contained in the record in case number 03 CR 50018 are designated "R." and followed by the pertinent docket entry number.

examination was ordered. R. 55. On March 25, 2004, after an evidentiary hearing on the issue of defendant's competency to be sentenced, the district court found defendant competent to proceed for sentencing. R. 63. On April 23, 2004, defendant was sentenced to a total term of imprisonment of 175 months on Counts One, Two, and Three, to run concurrently with each other, as well as a period of 5 years of supervised release following his release from imprisonment. R. 67. Petitioner timely filed a notice of appeal on April 29, 2004. R. 68. On October 13, 2005, the Seventh Circuit Court of Appeals issued a decision affirming defendant's conviction and sentence, as well as an order of final judgment. R. 92-93, *United States v. Moore*, 425 F.3d 1061 (7th Cir. 2005).[2]

On March 2, 2006, petitioner filed what he labeled a pro se "affidavit in support of motion for new trial and release on bail" in the district court. R. 94. On March 14, 2006, this court issued an order informing petitioner of its intention to characterize petitioner's "affidavit in support of motion for new trial and release on bail" as the functional equivalent of a motion brought under 28 U.S.C. § 2255, and providing petitioner the opportunity to either withdraw or amend the motion within thirty days. R. 95. On March 23, 2006, petitioner filed a motion to amend the motion for new trial and release on bail. R. 96. This court denied the motion, which it characterized as one brought under 28 U.S.C. § 2255, and dismissed the cause in its entirety on March 29, 2006. R. 97. An appeal followed, and on June 19, 2008, the Seventh Circuit Court of Appeals vacated this court's order of March 29, 2006, characterizing defendant's motion for new trial as one under 28 U.S.C.

---

[2] In affirming defendant's conviction and sentence, the Seventh Circuit held that 1) the district court's refusal to admit defendant's Social Security Administration records at trial was not error; 2) the chain of custody established at trial with respect to drug exhibits was sufficient to support their admission; 3) the evidence presented at trial was sufficient to sustain defendant's convictions; and 4) the district court did not abuse its discretion in finding defendant competent to proceed at sentencing. *Moore*, 425 F.3d 1061.

§ 2255 and dismissing the cause in its entirety, and remanded the case to the district court for further proceedings. R. 122, 125, *United States v. Moore*, No. 06-2010 (7th Cir., decided June 19, 2008). Furthermore, the Seventh Circuit ordered a document filed with the Court of Appeals on July 31, 2006, entitled "Sixth Amendment Violations," to be forwarded to the district court and filed as a § 2255 motion, *nunc pro tunc*, as of July 31, 2006. R. 125, *United States v. Moore*, No. 06-2010 (7th Cir., decided June 19, 2008). The case was docketed in the district court under case number 08 C 50112. On July 28, 2008, petitioner filed a "motion to add on," which this court construed as a motion to amend his § 2255 motion. On July 29, 2008, this court granted that motion and indicated it would consider the motion and attachment thereto as an amendment to the § 2255 motion. The government was then given 30 days to respond to the amended § 2255 motion.

## II. PETITIONER'S CLAIMS

In two rambling and often nonsensical documents, one entitled "Sixth Amendment Violations" and the other "Motion To Add On," petitioner essentially argues factual innocence and that he was denied effective assistance of counsel for several reasons, with the overall theme being that counsel never properly investigated and/or presented petitioner's defense, summarized in petitioner's "Sixth Amendment Violations" filing as follows:

> [C]ounsel could have secured documents under fed.crim.P. Rule (sic) 17(C) counsel (sic) would have found the government's investigation covered longer periods than agents revealed under oath and government engaged in warrantless eavesdropping, brainwashing and drugging defendant to drive him crazy and he could have obtained moore's (sic) social security files.

Petitioner's "Sixth Amendment Violations" at 1. In addition, petitioner alleges his trial counsel was ineffective for the following reasons:

3

1) failing to discuss with petitioner the fact that the "government entrapped him to sell drugs";

2) failing to prepare for trial or "develop any kind of defense," including failing to properly investigate petitioner's mental illness and secure Social Security Administration records;

3) "not listening at bond hearing" (sic);

4) failing to "request jury instruction," to make an opening statement, to exclude blacks from the jury, to "make any meaningful step to impeach Rosa Flemons," to "make an offer of proof at any time during the trial," and to conduct "proper voir dire";

5) failing to "properly object to the foundation of [forensic chemistry expert] Jennifer Yezek at trial;

6) failing to object to the testimony of drug trafficking expert Steven Johnson at trial;

7) failing to obtain an expert opinion to corroborate the testimony of petitioner's fiancé regarding petitioner's competency; and

8) failing to discuss with petitioner issues to be raised on appeal.

Petitioner's "Sixth Amendment Violations" at 2, 5. Petitioner also takes umbrage with the Seventh Circuit's holdings in his first appeal. *See* footnote 2 above; Petitioner's "Sixth Amendment Violations" at 6-10.

Finally, in his "Motion To Add On," petitioner claims the government violated his constitutional rights in the following ways:

1) failing to disclose "documents of brainwashing and drugging – behavioral modification techniques employed against moore (sic) before trial, during and throughout his imprisonment";

2) failing to disclose the Federal Bureau of Investigation's and the Rockford Police Department's "warrantless eavesdropping" of petitioner before trial and during his house arrest;[3]

---

[3] In both of his pleadings, petitioner repeatedly refers to the Federal Bureau of Investigation as one of the agencies involved in the investigation leading to his conviction. In

    3)      "fabricat[ing] conversations towards delusional thinking with significant erotomania – an unrealistic and delusional based belief that one has a romantic relationship with a disinterested third party (the mexican (sic) women informant) documented lies, to conform with fraudulent social security documents that moore (sic) suffers from schizophrenia to deny due process";

    4)      failing to reveal all informants to petitioner, including "Ivan Blake";

    5)      failing to disclose the roles of Edna Daniels and Carolyn Guerin in coercing petitioner to remain silent during his trial; and

    6)      allowing government agents to commit perjury.

Not surprisingly, petitioner offers absolutely no support for these frivolous claims. They simply are not cognizable under § 2255, which allows prisoners to move courts to vacate, set aside or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Defendant does not suggest this court lacked jurisdiction or imposed a sentence in excess of the maximum authorized by law. That leaves only a constitutional violation or other form of collateral attack, the catchall phrase. Defendant's sufficiency of evidence challenge, which was raised on direct appeal, is not cognizable. And most of defendant's claims having to do with ineffective assistance of counsel were also decided on direct review. Nothing in petitioner's pleadings establishes that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

---

fact, the FBI was not involved. The lead investigative agency was the Drug Enforcement Administration.

### III. DISCUSSION

First and foremost, petitioner offers absolutely no support for any of these baseless allegations. Most of these allegations were included in petitioner's "affidavit in support of motion for new trial and release on bail," filed on March 2, 2006, which this court characterized as a motion under § 2255. R. 94-97. On March 29, 2006, this court issued a minute order characterizing that motion as one made under § 2255, denying the motion, and dismissing the cause in its entirety, stating, "Having viewed the allegations through the lense of § 2255, the court denies the motion as failing to set forth any identifiable basis for relief." R. 97. Having already found that most of petitioner's claims failed to set forth any identifiable basis for relief, this court should rule in similar fashion this time around. The context of the motion, whether a motion for a new trial or one made under § 2255, does not affect the frivolous and meritless nature of petitioner's claims. The Seventh Circuit's June 19, 2008 decision vacating this court's March 29, 2006 order and remanding the case to this court for further proceedings was procedurally based, and said nothing about the merits of petitioner's claims. *See Moore*, 06-2010.

Furthermore, many of petitioner's claims are foreclosed by the Seventh Circuit's decision in petitioner's direct appeal of his criminal conviction. *See Moore*, 425 F.3d 1061. As a general matter, any claims litigated on direct review cannot be re-litigated on collateral review. *See Withrow v. Williams*, 507 U.S. 680, 72–721 (1993) (Scalia, J., concurring) (collecting cases); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). The only notable exception is an intervening change in the governing substantive law. *Davis v. United States*, 417 U.S. 333 (1974). In most cases, however, a decision on the merits on direct appeal has a preclusive effect on collateral review under Section 2255. So, petitioner's claims with respect to what the Seventh Circuit decided on direct

appeal are precluded. Specifically, this court is precluded from considering any allegations regarding the following: 1) the district court's refusal to admit defendant's Social Security Administration records at trial was not error; 2) the chain of custody established at trial with respect to drug exhibits was sufficient to support their admission; 3) the evidence presented at trial was sufficient to sustain defendant's convictions; and 4) the district court did not abuse its discretion in finding defendant competent to proceed at sentencing.

Simply put, petitioner has not set forth any cognizable claim under § 2255. His allegations regarding drugging and brainwashing by the federal government are frivolous and merit little discussion. Section 2255 provides redress for jurisdictional or harmful constitutional errors. Petitioner alleges no jurisdictional errors. And just because petitioner labels a meritless claim as constitutional in nature does not make it so.

Finally, petitioner has failed to make even a *prima facie* showing of how either his trial or appellate counsel were constitutionally ineffective. "To prevail on a claim of ineffective assistance of counsel, [petitioner] must show that defense counsel's performance was so deficient as to fall below an objective standard of reasonable competence and that the deficient performance prejudiced his defense." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate prejudice, a defendant must show that there is a reasonable probability that the result of the proceeding would have been different without his counsel's ineffective assistance. *United States v. Godwin*, 202 F.3d 969, at 973-74 (7th Cir. 2000) (*citing Strickland*, 466 U.S. at 687-88). Petitioner comes nowhere close to satisfying even the first prong of the *Strickland* standard.

Petitioner has simply rehashed many of the same arguments he made on direct review, having added only the underlying theme that he was brainwashed and drugged by the FBI. He has not suggested how, even assuming his off-the-wall claims of error are true, they establish that his trial and/or appellate counsels' performances were deficient. How, for example, could his trial counsel have been deficient for failing to investigate and/or present a brainwashing/drugging defense so obviously frivolous on its face? The absurdity of petitioner's claims speak for themselves. Because of the frivolous nature of these claims, this court should find they are simply not cognizable under § 2255.

### IV.  CONCLUSION

For the reasons stated above, the United States requests that this court deny defendant's § 2255 motion and dismiss this cause in its entirety.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney


By:       /s
    MICHAEL F. IASPARRO
    Assistant United States Attorney
    308 West State Street - Suite 300
    Rockford, Illinois 61101
    (815) 987-4444

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Response In Opposition To Petitioner's Motion Pursuant To 28 U.S.C. § 2255

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on August 15, 2008, to the following non-ECF filer:

Percy E. Moore<br>
BOP #12426-424<br>
FMC Rochester<br>
P.O. Box 4000<br>
Rochester, Minnesota 55903

                      /s<br>
        MICHAEL F. IASPARRO<br>
        Assistant United States Attorney<br>
        308 West State Street - Suite 300<br>
        Rockford, Illinois 61101<br>
        (815)987-4444